UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THERESA L. McDANIEL and<br>MONROE McDANIEL | ] ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: 2:07-CV-245RM |
| | ) | |
| SYNTHES, INC., SYNTHES,<br>SYNTHES (USA), SYNTHES USA,<br>SYNTHES LTD. (USA),<br>SYNTHES NORTH AMERICA, INC.,<br>SYNTHES SPINE, INC.,<br>SYNTHES SPINE COMPANY, L.P.,<br>SYTNEHS SPINE LIMITED<br>PARTNERSHIP, SYTNHES (U.S.A.)<br>L.P., GREGG WELLMAN, and<br>ST. MARY MEDICAL CENTER, INC., | )<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Plaintiffs, Theresa and Monroe McDaniel, instituted this state law action in

the Lake Superior Court against Synthes, Inc. and related entities for injuries

sustained as a result of an allegedly defective orthopaedic implant. The McDaniels

claim the implant, manufactured by the Synthes defendants, sold through sales

consultant Gregg Wellman, and installed and subsequently removed at St. Mary

Medical Center was defective and unreasonably dangerous. The defendants timely

removed the action under this court's diversity jurisdiction, asserting that the

McDaniels fraudulently joined non-diverse defendants Gregg Wellman and St.

Mary for the sole purpose of defeating diversity jurisdiction and avoiding removal.

The plaintiffs now move this court to remand the action to the Lake Superior Court. For the reasons set forth below, the court grants the plaintiffs' motion as to the request for remand and denies it as to the request for attorneys fees and costs.

## I.  FACTUAL BACKGROUND

The following facts are recited only for the resolution of this motion. On June 20, 2007, the McDaniels filed their complaint against the Synthes defendants, Gregg Wellman, and St. Mary in the Lake Superior Court asserting a variety of claims based on the removal of a condular plate from Theresa McDaniel's leg during a surgical procedure at St. Mary. Against the Synthes defendants, the McDaniels alleged strict products liability, negligence, breach of implied and express warranties, fraud, fraud by concealment, constructive fraud, negligent misrepresentation, negligent and intentional infliction of emotional distress, unjust enrichment, unfair or deceptive acts or trade practices, and loss of consortium. The McDaniels asserted the same claims against Synthes' sales consultant Gregg Wellman, who was present during Mrs. McDaniel's surgical procedure, and added claims for conversion, breach of contract, and invasion of privacy. The McDaniels also brought claims against St. Mary for conversion, breach of bailment, unjust enrichment, and loss of consortium.

As stated in the defendants' amended removal petition, the Synthes defendants consist of a number of partnerships and corporate entities organized

and existing under the laws of the State of Delaware and having their principal place of business in the Commonwealth of Pennsylvania. The McDaniels are citizens and residents of the State of Indiana. While complete diversity of citizenship exists between the McDaniels and the Synthes defendants, Mr. Wellman is a citizen of Indiana and, likewise, St. Mary is an Indiana corporation.

On July 27, the defendants filed their Notice of Removal, arguing that the McDaniels joined Mr. Wellman and St. Mary improperly to destroy diversity and asserting that the court has original jurisdiction pursuant to 28 U.S.C. § 1332 [Doc. No. 2][1]. According to the defendants, no reasonable possibility exists that the McDaniels can establish a cause of action in state court against either Mr. Wellman or St. Mary, so the citizenship of these two defendants should be disregarded for purposes of removal. The McDaniels responded by moving for the case's remand to the Lake Superior Court, maintaining that complete diversity between the parties is lacking [Doc. No. 13]. The McDaniels also contend that they should be awarded attorneys fees and costs based on the defendants' unreasonable removal. St. Mary separately moved the court to dismiss the claims against it for lack of subject matter jurisdiction based on the McDaniel's alleged failure to satisfy the jurisdictional prerequisites to filing a malpractice action under the Indiana Medical Malpractice Act [Doc. No. 20].

---

[1] The defendants filed an amended removal petition alleging the existence of diversity jurisdiction on September 19. [Doc. No. 27].

## II.  DISCUSSION

### *A. Legal Standard*

A defendant in a civil action filed in state court may remove the action to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Defendants argue that removal was proper in this case based on diversity jurisdiction under 28 U.S.C. § 1332(a), which authorizes district courts to exercise original jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are citizens of different states. For removal to be valid based on diversity jurisdiction, 28 U.S.C. § 1332(a) requires complete diversity of citizenship. *See* Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp., 34 F.3d 1310, 1314-1315 (7th Cir. 1994).

The party seeking to preserve removal bears the burden of establishing federal jurisdiction when challenged following removal. Van Swol v. ISG Burns Harbor, LLC, 491 F. Supp. 2d 807, 810 (N.D. Ind. 2007) (citing Fate v. Buckeye State Mut. Ins. Co., 174 F. Supp. 2d 876, 878 (N.D. Ind. 2001)). The standard for removal as applied to a removing defendant is more exacting than as applied to a plaintiff asserting diversity jurisdiction in the initial pleadings, so doubts as to the court's jurisdiction should be resolved against removal. Id.

Although a plaintiff is normally free to choose its own forum, it may not join in-state defendants solely for the purpose of defeating federal diversity jurisdiction. *See* Gottlieb v. Westin Hotel, 990 F.2d 323, 327 (7th Cir. 1993)

("Diversity jurisdiction cannot be destroyed by joinder of non-diverse parties if such joinder is fraudulent."); *see also* <u>Garbie v. DaimlerChrysler Corp.</u>, 211 F.3d 407, 410 (7th Cir. 2000). Joinder of non-diverse parties solely for this purpose is considered fraudulent and should be disregarded when determining the propriety of removal. *See* <u>Schwartz v. State Farm Mut. Auto. Ins. Co.</u>, 174 F.3d 875, 878 (7th Cir. 1999); <u>Poulos v. Naas Foods, Inc.</u>, 959 F.2d 69, 73 (7th Cir. 1992) (explaining that "[a]lthough false allegations of jurisdictional fact may make joinder fraudulent, in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives.") (citation omitted).

A defendant seeking removal has a heavy burden to establish fraudulent joinder. <u>Id.</u> "The defendant must show that, after resolving all issues of fact *and* law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." <u>Id.</u> Essentially, the court must find that there is no reasonable possibility that a state court would rule against the non-diverse defendant. <u>Id</u>; *see also* <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997) ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.") (citation omitted). The scope of the court's inquiry in determining fraudulent joinder is "extremely narrow," permitting only a summary inquiry to determine whether the plaintiff is precluded from recovering against the in-state defendant.

5

*See* Rutherford v. Merck & Co., 428 F. Supp. 2d 842, 847 (S.D. Ill. 2006) (noting that the test for fraudulent joinder "is a less searching test than the test under Rule 12(b)(6) . . . .") (citing Valentine v. Ford Motor Co., 2003 WL 23220758, at *4 (S.D. Ind. Nov. 21, 2003)).

### *B. Claims Against In-State Defendants*

The defendants argue that the citizenship of Mr. Wellman and St. Mary should be disregarded because the McDaniels have no chance of recovering against either party in state court. Because there is a possibility that either Mr. Wellman or St. Mary might be held liable on at least one of the McDaniels' causes of action, the defendants haven't established fraudulent joinder, and the court must remand the action for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

For example, the McDaniels contend that Mr. Wellman, with the aid of St. Mary, knowingly and intentionally exercised unauthorized control over the condular plate explanted from Theresa McDaniel by taking the plate with him after Mrs. McDaniel's surgery. Under Indiana law, the "essential elements of the plaintiff's claim [for conversion] are an immediate, unqualified right to possession resting on a superior claim of title." Shourek v. Stirling, 621 N.E.2d 1107, 1109 (Ind. 1993). Although Mr. Wellman argues that Mrs. McDaniel explicitly relinquished control of the plate to St. Mary by signing a release with the hospital, whether this release extinguished Mrs. McDaniel's ownership interest in the plate

must be resolved in the McDaniels' favor in evaluating the propriety of joinder. Construing these allegations liberally in the light most favorable to the McDaniels, it is conceivable that the McDaniels could recover against Mr. Wellman for taking possession of the plate after Mrs. McDaniel's surgery, so the court must remand this action.

The McDaniels also claim that Mr. Wellman should be held strictly liable for his alleged failure to warn of defects in the condular plate, as well as for the plate's defective design and manufacture. Under the Indiana Product Liability Act, an action based on the doctrine of strict liability in tort may not be commenced against a seller of an allegedly defective product unless the seller is a manufacturer of that product. IND. CODE § 34-20-2-3 (2007). A "manufacturer" is a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or component part of a product before sale. IND. CODE § 34-6-2-77(a) (2007). This definition includes a non-manufacturing seller with "actual knowledge of a defect in a product." Id. Mr. Wellman wasn't involved in the production of the condular plate at issue, but the McDaniels allege he knew or should have known that plate was defective based on his sales experience. Again construing the facts in the light most favorable to the McDaniels, there is a reasonable possibility that Mr. Wellman had actual knowledge of the plate's defect, allowing the McDaniels to proceed against Mr. Wellman under the doctrine of strict liability.

This case differs from the cases cited by defendants in which courts from various district courts outside the Seventh Circuit found that sales representatives for manufacturers of medical devices and pharmaceuticals were fraudulently joined. *See* Sobkowski v. Wyeth, Inc., 2004 WL 3581799, at *1 (M.D. Fla. June 24, 2005) (holding that the plaintiff did not plead facts sufficient to give rise to a reasonable inference that the sales representative knew or should have known of the drug's harmful effects); Walker v. Medtronic Inc., 2003 WL 21517997, at *4 (N.D. Miss. June 4, 2003) (holding that the plaintiffs had no possibility of establishing a cause of action in state court "without a factual basis for concluding that [the sales representative] directly, personally, or actively participated in any alleged tortious conduct . . . ."); Johnson v. Parke-Davis, 114 F. Supp. 2d 522, 524-525 (S.D. Miss. 2000) (finding that sales representatives were fraudulently joined because the plaintiffs failed to establish a factual connection between themselves and the named representatives). This is not a case where the complaint lacks factual allegations specific to the in-state sales representative's acts. To the contrary, the McDaniels' claims are based on Mr. Wellman's alleged knowledge of purported dangers, his individual wrongdoing, and his physical presence during Mrs. McDaniel's surgery. As such, the McDaniels might establish a cause of action against Mr. Wellman in state court.

Because there is a reasonable possibility that the McDaniels may succeed on at least one of their claims against an in-state defendant, the court need not examine the remainder of the McDaniels' claims against Mr. Wellman and St.

Mary. This analysis does not preclude the McDaniels from pursuing their other claims in state court; nor does the court express an opinion regarding the propriety of these claims. *See* Conk v. Richards & O'Neil, LLP, 77 F. Supp. 2d 956, 958 (S.D. Ind. 1999) (noting that "even if a state court might ultimately find that [the plaintiff] has failed to state a claim against [the defendant], joinder of the claim against [the defendant] is not 'fraudulent' for purposes of this court's jurisdiction so long as the issue of state law is subject to reasonable argument on both sides."). The defendants simply have not met their burden of showing improper joinder. There is not complete diversity between the parties, and the court doesn't have subject matter jurisdiction over the action. *See* 28 U.S.C. § 1332.

Finally, the McDaniels claim that they are entitled to attorneys fees and costs because the defendants lacked proper grounds for removal. The standard for awarding fees based on improper removal turns on reasonableness. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorneys fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. The court cannot find that Defendants' conduct in seeking removal was unreasonable such that the McDaniels should be awarded fees. Accordingly, the court denies the McDaniels' request for fees and costs pursuant to 28 U.S.C. § 1447(c).

III.  CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion [Doc. No. 13] in part as to the request for remand and DENIES in part as to the request for attorneys fees and costs. The court REMANDS this case to the Lake Superior Court for further proceedings. The court therefore has no jurisdiction to rule on Defendant St. Mary Medical Center's motion to dismiss for lack of subject matter jurisdiction [Doc. No. 20] and DEFERS ruling to the Lake Superior Court.

SO ORDERED.

Dated: October 29, 2007

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Chief Judge
United States District Court


cc:    counsel of record